**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHESTER COUNTY EMPLOYEES' RETIREMENT FUND, Derivatively on Behalf of Nominal Defendant ABBOTT LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILES D. WHITE, DUANE L. BURNHAM, JEFFREY LEIDEN, WILLIAM DEMPSEY, RICHARD A. GONZALEZ, H. LAURANCE FULLER, ROXANNE S. AUSTIN, W. JAMES FARRELL, SAMUEL C. SCOTT, III, GLENN F. TILTON, WILLIAM A. OSBORN, ROBERT J. ALPERN, M.D., K. FRANK AUSTEN, M.D., JACK M. GREENBERG, THOMAS R. HODGSON, DAVID A. JONES, THE RT. HON. LORD DAVID OWEN, ROBERT L. PARKINSON, JR., BOONE POWELL, JR., ADDISON BARRY RAND, W. ANN REYNOLDS, PH.D., ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, WILLIAM L. WEISS, <br><br> Defendants, <br><br> -and- <br><br> ABBOTT LABORATORIES, INC., <br><br> Nominal Defendant. | **Case No. 11-cv-08114** |

*(Caption continued on following page)*

**DECLARATION OF ROBIN WINCHESTER IN SUPPORT OF PLAINTIFF CHESTER
COUNTY EMPLOYEES' RETIREMENT FUND'S MOTION
TO REASSIGN AND CONSOLIDATE RELATED ACTIONS PURSUANT
TO LOCAL RULE 40.4 AND FED. R. CIV. P. 42(a) AND TO
<u>APPOINT LEAD PLAINTIFF AND LEAD AND LIAISON COUNSEL</u>**

| | |
|---|---|
| JACKSONVILLE POLICE & FIRE PENSION FUND, derivatively on behalf of ABBOTT LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> MILES D. WHITE, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOVAKOVIE, WILLIAM A. OSBORN, SAMUEL C. SCOTT, III, GLENN F. TILTON, <br><br> Defendants <br><br> -and- <br><br> ABBOTT LABORATORIES, <br><br> Nominal Defendant. | **Case No. 11-cv-08383** |
| WARREN PINCHUCK and ROY SAPIR, derivatively on behalf of ABBOTT LABORATORIES, <br><br> Plaintiffs, <br><br> v. <br><br> MILES D. WHITE, ROBERT J. ALPERN, ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOV AKOVIC, WILLIAM A. OSBORN, SAMUEL C. SCOTT, III, and GLENN F. TILTON, <br><br> Defendants, <br><br> -and- <br><br> ABBOTT LABORATORIES, <br><br> Nominal Defendant. | **Case No. 11-cv-08499** |

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, derivatively and on behalf of ABBOTT LABORATORIES,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>MILES D. WHITE, PHEBE N. NOVAKOVIC, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURENCE FULLER, EDWARD M. LIDDY, WILLIAM A. OSBORN, SAMUEL C. SCOTT, GLENN F. TILTON, WILLIAM N. DALEY, DAVID A. JONES, JEFFREY M. LEIDEN, BOONE POWELL, JR., W. ANN REYNOLDS, ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, RICHARD A. GONZALEZ, MARY T. SZELA and MICHAEL J. WARMUTH,  )<br><br>Defendants,  )<br><br>-and-  )<br><br>ABBOTT LABORATORIES,  )<br><br>Nominal Defendant.  ) | **Case No. 11-cv-08631** |

I, Robin Winchester, declare as follows:

1. I am a partner at Kessler Topaz Meltzer & Check, LLP ("KTMC"), Proposed Lead Counsel and counsel for plaintiff Chester County Employees' Retirement Fund ("Plaintiff" or "Chester County"), derivatively on behalf of nominal defendant Abbott Laboratories, Inc. ("Abbott" or the "Company") in the above-captioned shareholder derivative action, *Chester County Emp. Ret. Fund v. White, et al.*, No. 11-cv-08114, filed in this Court on November 14, 2011 (the "*Chester County* Action").

2. I make this Declaration in further support of Plaintiff, Chester County Employees' Retirement Fund's Motion to Reassign and Consolidate Related Actions Pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42(a) and to Appoint Lead Plaintiff and Lead and Liaison Counsel. Plaintiff's motion seeks the following relief: (i) the reassignment to the Honorable Virginia M. Kendall ("Judge Kendall") of the related pending shareholder derivative actions captioned *Jacksonville Police & Fire Pension Fund v. White, et al.*, No. 11-cv-08383, filed in this Court on November 22, 2011 (the "*Jacksonville* Action"), *Pinchuck, et al. v. White, et al.*, No. 11-cv-08499, filed in this Court on November 29, 2011 (the "*Pinchuck* Action"), and *Louisiana Mun. Police Emp. Ret. Sys. v. White, et. al.*, No. 11-cv-08631, filed in this Court on December 5, 2011 (the "*LAMPERS* Action"), pursuant to Local Rule 40.4 of the Northern District of Illinois; (ii) the consolidation of the *Chester County*, *Jacksonville*, *Pinchuck* and *LAMPERS* Actions (collectively, the "Related Derivative Actions") pursuant to Federal Rule of Civil Procedure 42(a); and (iii) the appointment of Chester County as Lead Plaintiff, KTMC as Lead Counsel, and Lasky & Rifkind, Ltd. ("Lasky & Rifkind") as Liaison Counsel.

3. As of the filing of the *Chester County* Action, Chester County owned 38,450 shares of Abbott common stock.

4. KTMC is a Martindale Hubbell "AV" rated law firm which has focused its practice on shareholder litigation over the past 24 years. With more than 80 attorneys specializing in complex shareholder litigation and with offices in California and Pennsylvania, KTMC has served as Lead or Co-Lead Counsel in numerous securities and complex litigation matters, including serving as Lead or Co-Lead Counsel in hundreds of shareholder derivative actions in state and federal courts across the country.

5. KTMC recently achieved a rare trial victory in a shareholder derivative action, securing the largest monetary damages judgment ever issued by the Delaware Chancery Court – ***$1.263 billion*** – against the nominal defendant corporation's majority shareholder. *In re Southern Peru Copper Corp. S'holder Deriv. Litig.*, 2011 WL 4907799 (Del. Ch. Oct. 14, 2011). In *Southern Peru*, KTMC worked through years of discovery on two continents, fought off summary judgment briefing, and pressed through trial to achieve a truly historic result.

6. By way of further example of KTMC's commitment to shareholders, its attorneys have always been at the forefront of corporate governance reform, achieving valuable change through derivative litigation and through engagements with companies worldwide. KTMC strives not only to recoup corporations' financial losses for the benefit of all shareholders, but also to achieve corporate governance changes that will hopefully prevent similar misconduct from recurring, strengthen the company, and make the board of directors a more effective and responsive representative of shareholders' interests. *See, e.g.*, *Carbon County Emp. Sys. v. Kelly*, Cause No. 08-08692, Final Order and Judgment (Tex Dist. Ct., Dallas Cnty. Dec. 7, 2009) (KTMC was successful in obtaining sweeping internal control and corporate governance reforms

both at the board level and management level); *In re Comverse Tech., Inc. Derivative Litig.*, No. 601272106, Order and Final Judgment (E.D.N.Y. July 1, 2010)) (KTMC achieved a settlement in which Comverse received financial benefits valued at approximately $60 million as well as significant corporate governance reforms); *In re Monster Worldwide, Inc. Stock Option Derivative Litig.*, Index No. 108700/06 (New York Sup. Ct., New York Cnty) (KTMC achieved a settlement which required the recipients of backdated stock options to disgorge more than $32 million in unlawful gains back to the company plus the implementation of corporate governance reforms).

7. KTMC also has significant experience litigating actions relating to the off-label marketing of pharmaceuticals, the same misconduct at issue in this action. For example, KTMC is currently serving as outside counsel on behalf of the States of Utah and Montana in several actions to recover Medicaid funds allegedly paid as a result of Janssen's and AstraZeneca's off-label promotion of Risperdal and Seroquel, respectively, captioned *Shurtleff ex rel. State of Utah v. Janssen Ortho LLC, et al.*, Case No. 2:10-CV-00519A-BSJ and *Shurtleff ex rel. State of Utah v. AstraZeneca Pharmaceuticals LP*, Case No. 2:10-CV-00519B-BSJ, both pending in the United States District Court for the District of Utah; and *Bullock ex rel. State of Montana v. Janssen Ortho LLC, et al.*, Cause No. CDV-2008-164 and *Bullock ex rel. State of Montana v. AstraZeneca Pharmaceuticals LP*, Cause No. CDV-2010-1203, both pending in the Montana First Judicial District Court, Lewis & Clark County. In addition, KTMC serves on the lead counsel committee in an action against Cephalon which alleges that the class incurred damages as a result of the company's unlawful off-label promotion, captioned *In Re Actiq Sales & Mktg. Litig.*, No. 07-CV-4492, pending in the United States District Court for the Eastern District of Pennsylvania.

8.  Attached hereto as Exhibit A is a true and correct copy of KTMC's firm resume which further describes the members of the firm and their significant experience and successes in litigating derivative actions as well as other complex matters.

9.  Attached hereto as Exhibit B is a true and correct copy of Lasky & Rifkind's firm resume.

10. Following service on the Company on November 15, 2011, my partner Eric Zagar and I have had a number of communications with counsel for defendants in order to progress and organize the litigation. For example, shortly after filing the *Chester County* Action, counsel for the Company, Mark Filip of Kirkland & Ellis LLP, agreed to tentatively accept service on behalf of all defendants. Recently, the individual defendants retained separate counsel and their counsel has been sent the waivers of service for execution. Chester County also agreed that the Company would not be obligated to respond to the *Chester County* Action until after the Related Derivative Actions are consolidated and a consolidated complaint is filed in order to ensure that the Company does not expend any unnecessary resources. On December 5, 2011, I spoke with Robert Kopecky of Kirkland & Ellis LLP regarding defendants' position on Chester County's motion to reassign and consolidate the Related Derivative Actions. On December 7, 2011, Mr. Kopecky informed me that defendants do not oppose reassignment of the other derivative actions to Judge Kendall or consolidation of the four Related Derivative Actions.

11. A shareholder derivative action similar to the Related Derivative Actions, captioned *Goodman v. White, et al.*, No. 11-cv-07940, was filed in this Court on November 8, 2011 (the "*Goodman* Action"). Following the filing of the *Goodman* Action, I called counsel for the plaintiff to advise them of the jurisdictional deficiencies in their complaint. Specifically, the complaint failed to allege the citizenship of the parties and, moreover, had it done so, did not

-5-

have diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as the plaintiff and defendants Richard A. Gonzalez, Thomas R. Hodgson, W. Ann Reynolds, John R. Walter and William L. Weiss are all citizens of the State of Florida. Thereafter, the *Goodman* Action was voluntarily dismissed.

12. On December 5, 2011, I spoke with Robert Roseman of Spector Roseman Kodroff & Willis, P.C., counsel for plaintiff in the *Jacksonville* Action, and Deborah Gross of the Law Offices of Bernard M. Gross, P.C., counsel for plaintiffs in the *Pinchuck* Action, to discuss a leadership structure and the transfer of the *Jacksonville* Action and the *Pinchuck* Action to Judge Kendall. Both Mr. Roseman and Ms. Gross indicated that such plaintiffs do not oppose either the transfer of their respective actions to Judge Kendall or the consolidation of the Related Derivative Actions.

13. On December 7, 2011, I left a voice message for Albert Myers of Kahn Swick & Foti, LLC, counsel for plaintiff in the most recently-filed *LAMPERS* Action, to discuss a leadership structure and the transfer of the *LAMPERS* Action to Judge Kendall and consolidation of the *LAMPERS* Action with the other related derivative actions. I had not received a response from Mr. Myers as of the filing of this motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on December 7, 2011, at Radnor, Pennsylvania.

/s/ Robin Winchester
ROBIN WINCHESTER