# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHESTER COUNTY EMPLOYEES' RETIREMENT FUND, Derivatively on Behalf of Nominal Defendant ABBOTT LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILES D. WHITE, DUANE L. BURNHAM, JEFFREY LEIDEN, WILLIAM DEMPSEY, RICHARD A. GONZALEZ, H. LAURANCE FULLER, ROXANNE S. AUSTIN, W. JAMES FARRELL, SAMUEL C. SCOTT, III, GLENN F. TILTON, WILLIAM A. OSBORN, ROBERT J. ALPERN, M.D., K. FRANK AUSTEN, M.D., JACK M. GREENBERG, THOMAS R. HODGSON, DAVID A. JONES, THE RT. HON. LORD DAVID OWEN, ROBERT L. PARKINSON, JR., BOONE POWELL, JR., ADDISON BARRY RAND, W. ANN REYNOLDS, PH.D., ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, WILLIAM L. WEISS, <br><br> Defendants, <br><br> -and- <br><br> ABBOTT LABORATORIES, INC., <br><br> Nominal Defendant. | **Case No. 11-cv-08114** |

*(Caption continued on following page)*

**MOTION BY PLAINTIFF CHESTER COUNTY EMPLOYEES' RETIREMENT FUND TO REASSIGN AND CONSOLIDATE RELATED ACTIONS PURSUANT TO LOCAL RULE 40.4 AND FED. R. CIV. P. 42(a) AND TO APPOINT LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| JACKSONVILLE POLICE & FIRE PENSION FUND, derivatively on behalf of ABBOTT LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> MILES D. WHITE, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOVAKOVIE, WILLIAM A. OSBORN, SAMUEL C. SCOTT, III, GLENN F. TILTON, <br><br> Defendants <br><br> -and- <br><br> ABBOTT LABORATORIES, <br><br> Nominal Defendant. | **Case No. 11-cv-08383** |
| WARREN PINCHUCK and ROY SAPIR, derivatively on behalf of ABBOTT LABORATORIES, <br><br> Plaintiffs, <br><br> v. <br><br> MILES D. WHITE, ROBERT J. ALPERN, ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOV AKOVIC, WILLIAM A. OSBORN, SAMUEL C. SCOTT, III, and GLENN F. TILTON, <br><br> Defendants, <br><br> -and- <br><br> ABBOTT LABORATORIES, <br><br> Nominal Defendant. | **Case No. 11-cv-08499** |

- 2 -

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, derivatively and on behalf of ABBOTT LABORATORIES,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>MILES D. WHITE, PHEBE N. NOVAKOVIC, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURENCE FULLER, EDWARD M. LIDDY, WILLIAM A. OSBORN, SAMUEL C. SCOTT, GLENN F. TILTON, WILLIAM N. DALEY, DAVID A. JONES, JEFFREY M. LEIDEN, BOONE POWELL, JR., W. ANN REYNOLDS, ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, RICHARD A. GONZALEZ, MARY T. SZELA and MICHAEL J. WARMUTH,  )<br><br>Defendants,  )<br><br>-and-  )<br><br>ABBOTT LABORATORIES,  )<br><br>Nominal Defendant.  ) | **Case No. 11-cv-08631** |

      Plaintiff Chester County Employees' Retirement Fund ("Plaintiff" or "Chester County"), in the above-captioned shareholder derivative action respectfully requests that this Court: (i) reassign to the Honorable Virginia M. Kendall ("Judge Kendall") the related pending shareholder derivative actions captioned *Jacksonville Police & Fire Pension Fund v. White*, No. 11-cv-08383 (the "*Jacksonville* Action"), *Pinchuck v. White*, No. 11-cv-08499 (the "*Pinchuck* Action"), and *Louisiana Mun. Police Emp. Ret. Sys. v. White*, No. 11-cv-08631 (the "*LAMPERS* Action") pursuant to Local Rule 40.4 of the Northern District of Illinois; (ii) consolidate the *Chester County*, *Jacksonville*, *Pinchuck* and *LAMPERS* Actions (collectively, the "Related

- 3 -

Derivative Actions")[1] pursuant to Fed. R. Civ. P. 42(a); and (iii) appoint Chester County as Lead Plaintiff and its counsel, Kessler Topaz Meltzer & Check, LLP ("KTMC") as Lead Counsel and Lasky & Rifkind, Ltd. ("Lasky & Rifkind") as Liaison Counsel. Plaintiffs in the *Jacksonville* and *Pinchuck* Actions and defendants consent to the motion to reassign such actions to Judge Kendall and to consolidate the Related Derivative Actions.

1. On November 14, 2011, plaintiff Chester County filed the *Chester County* Action derivatively on behalf of nominal defendant Abbott Laboratories ("Abbott" or the "Company") against certain of its current and former executive officers and members of its Board of Directors (the "Board") seeking to remedy their breaches of fiduciary duties, unjust enrichment, and other violations of law. The *Chester County* Action was assigned to Judge Kendall.[2]

2. On November 22, 2011, plaintiff Jacksonville Police & Fire Pension Fund instituted the *Jacksonville* Action derivatively on behalf of Abbott challenging similar alleged misconduct and involving similar issues of law and fact as the *Chester County* Action. The *Jacksonville* Action was assigned to the Honorable Marvin E. Aspen.

3. On November 29, 2011, plaintiffs Warren Pinchuck and Roy Sapir filed the *Pinchuck* Action on behalf of Abbott also challenging similar alleged misconduct and involving similar issues of law and fact as the *Chester County* Action. The *Pinchuck* Action was assigned to the Honorable William J. Hibbler.

4. Finally, on December 5, 2011, plaintiff Louisiana Municipal Police Employees Retirement System instituted the *LAMPERS* Action on behalf of Abbott also challenging similar alleged misconduct and involving similar issues of law and fact as the *Chester County* Action. The *LAMPERS* Action was assigned to the Honorable Blanche M. Manning.

---

[1] The complaints in these Related Derivative Actions are being submitted herewith as Exhibits A, B and C, respectively.

[2] The complaint in the *Chester County* Action is being submitted herewith as Exhibit D.

5. Reassignment of the *Jacksonville*, *Pinchuck* and *LAMPERS* Actions to Judge Kendall pursuant to Local Rule 40.4 is appropriate as the Related Derivative Actions, all of which have been recently filed in this Court, arise out of similar alleged transactions and occurrences and involve similar alleged issues of law and fact, and the handling of all four actions by the same judge will likely result in a substantial saving of judicial time and effort. Moreover, defendants, as well as plaintiffs in the *Jacksonville* and *Pinchuck* Actions, do not oppose the reassignment of the actions to Judge Kendall.

6. Consolidation of the Related Derivative Actions under Fed. R. Civ. P. 42(a) is likewise appropriate because each action involves common questions of law and fact, and consolidation would avoid unnecessary costs and delays in adjudicating the Company's right to relief. All four actions seek, among other things, to recover for the Company the amount of damages it sustained as a result of the defendants' alleged misconduct. Given these common questions, the nearly identical nature of the claims at issue, the overlapping areas of discovery the parties will need to undertake, and the plaintiffs' shared interest in adjudicating the Company's right to relief, consolidation of the Related Derivative Actions is entirely appropriate.

7. Similarly, in the interests of maintaining the efficiencies achieved through the consolidation of these actions, the consolidation of future shareholder derivative cases challenging the same transactions and occurrences at issue in these actions is likewise appropriate under Rule 42(a). *See Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) ("when consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits.").

8.  Each of the Related Derivative Actions alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the basis for this Court's jurisdiction. Neither the plaintiff in the Jacksonville Action nor plaintiff Warren Pinchuck ("Pinchuck") in the Pinchuck Action are proper plaintiffs as each would destroy diversity jurisdiction. Therefore, in order to avoid any potential argument that this Court's jurisdiction is compromised by administratively consolidating the cases, Chester County, in the alternative, respectfully requests that the Court dismiss the Jacksonville Action and plaintiff Pinchuck before consolidating the remaining Related Derivative Actions.

9.  The appointment of Chester County as Lead Plaintiff is also appropriate as Chester County is a sophisticated institutional investor with a significant stake in Abbott and its principals have vast experience acting in a fiduciary capacity on behalf of its constituents. Chester County has demonstrated its willingness and ability to serve as a faithful fiduciary to Abbott and Abbott's other shareholders, by, among other things: undertaking an extensive investigation into defendants' wrongdoing; filing a well-pled and thorough complaint describing in detail the defendants' unlawful conduct; associating with counsel that has the requisite experience and success records to vigorously prosecute this action; and by taking the lead to progress and streamline the litigation, including attempting to come to an agreement with the other plaintiffs and their counsel as to an appropriate leadership structure to prosecute the Related Derivative Actions and by filing the instant motion to organize the Related Derivative Actions. *See Dollens*, 2001 U.S. Dist. LEXIS 19966, at **18-20 (appointing lead plaintiffs who have demonstrated themselves to be "leaders" of the litigation.).

10. Further, this Court should appoint KTKMC as Lead Counsel and Lasky & Rifkind as Liaison Counsel because both firms have proven track records of successfully

prosecuting similarly complex shareholder derivative suits, such that both firms are well-suited to serve the interests of the plaintiffs, other Abbott shareholders, and the Company. In addition, KTMC has substantial experience litigating actions involving the off-label promotion of pharmaceutical products, the very misconduct underlying the allegations in the Related Derivative Actions.

For these reasons, and for the reasons set forth in more detail in the supporting Memorandum of Law filed herewith, Chester County respectfully requests that this Court grant the Motion.

| | |
|---|---|
| Dated: December 13, 2011 | **LASKY & RIFKIND, LTD.**<br>Leigh Lasky<br>Norman Rifkind<br>Amelia S. Newton<br>Heidi VonderHeide<br><br>/s/Norman Rifkind<br>351 W. Hubbard St., Ste 401<br>Chicago, IL 60654<br>Tel: (312) 634-0057<br>Fax: (312) 634-0059<br><br>**KESSLER TOPAZ**<br>**MELTZER & CHECK, LLP**<br>Eric L. Zagar<br>Robin M. Winchester<br>Justin Reliford<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Fax: (267) 948-2512<br><br>*Counsel for Plaintiff Chester County Employees' Retirement Fund and Proposed Lead Counsel* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of December, 2011 copies of *Plaintiff Chester County Employees' Retirement Fund's Notice of Filing of Motion to Reassign and Consolidate Related Actions Pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42(a) and to Appoint Lead Plaintiff, Lead Counsel and Liaison Counsel,* and all documents in support thereof, were served by causing a true and correct copy of same to be delivered via e-mail to the below-listed counsel:

Robert J. Kopecky, Esquire
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

*Counsel for Defendants*

Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirachi
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1818 Market Street, 25th Floor
Philadelphia, PA 19103

Mark S. Willis
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1101 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004

*Counsel for Plaintiff,
Jacksonville Police & Fire Pension Fund*

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

Deborah R. Gross
Robert P. Frutkin
LAW OFFICES

BERNARD M. GROSS, P.C.
100 Penn Square East
Suite 450, Wanamaker Bldg.
Philadelphia, PA 19107

*Counsel for Plaintiffs*
*Warren Pinchuck and Roy Sapir*

Matthew T. Heffner
SUSMAN HEFFNER & HURST LLP
20 South Clark Street, Suite 600
Chicago, IL 60603

Albert M. Myers
Lewis S. Kahn
Melinda A. Nicholson
Christopher W. Kaul
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447

Paul M. Brannon
BRANNON LAW FIRM, LLC
3500 North Hullen Street
Metairie, LA 70002

*Counsel for Plaintiff Louisiana*
*Municipal Police Employees*
*Retirement System*

/s/ Norman Rifkind
Norman Rifkind