**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHESTER COUNTY EMPLOYEES' RETIREMENT FUND, Derivatively on Behalf of Nominal Defendant ABBOTT LABORATORIES, INC., | ) ) ) ) | No. 1:11-cv-08114 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES |
| v. | ) ) | LAWS |
| MILES D. WHITE, DUANE L. BURNHAM, JEFFREY LEIDEN, WILLIAM DEMPSEY, RICHARD A. GONZALEZ, H. LAURANCE FULLER, ROXANNE S. AUSTIN, W. JAMES FARRELL, SAMUEL C. SCOTT, III, GLENN F. TILTON, WILLIAM A. OSBORN, ROBERT J. ALPERN, M.D., K. FRANK AUSTEN, M.D., JACK M. GREENBERG, THOMAS R. HODGSON, DAVID A. JONES, THE RT. HON. LORD DAVID OWEN, ROBERT L. PARKINSON, JR., BOONE POWELL, JR., ADDISON BARRY RAND, W. ANN REYNOLDS, PH.D., ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, WILLIAM L. WEISS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants, | ) ) | |
| and | ) ) | |
| ABBOTT LABORATORIES, INC., | ) ) | |
| Nominal Defendant. | ) ) | |

*Caption continues on following page…*

| | | |
|---|---|---|
| JACKSONVILLE POLICE & FIRE PENSION FUND, derivatively on behalf of ABBOTT LABORATORIES, | ) ) ) ) | No. 1:11-cv-08383 |
| Plaintiff, | ) ) ) | |
| MILES D. WHITE, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOVAKOVIE, WILLIAM A. OSBORN, SAMUEL C. SCOTT III, GLENN F. TILTON, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Nominal Defendant. | ) ) | |
| WARREN PINCHUCK and ROY SAPIR, derivatively on behalf of ABBOTT LABORATORIES, | ) ) ) ) | No. 1:11-cv-08499 |
| Plaintiffs, | ) ) ) | |
| MILES D. WHITE, ROBERT J. ALPERN, ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOVAKOVIC, WILLIAM A. OSBORN, SAMUEL C. SCOTT III, and GLENN F. TILTON, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Nominal Defendant. | ) | |

*Caption continues on following page…*

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Derivatively and on Behalf of ABBOTT LABORATORIES, </br></br> Plaintiff, </br></br> vs. </br></br> MILES D. WHITE, PHEBE N. NOVAKOVIC, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURENCE FULLER, EDWARD M. LIDDY, WILLIAM A. OSBORN, SAMUEL C. SCOTT, GLENN F. TILTON, WILLIAM N. DALEY, DAVID. A. JONES, JEFFREY, M. LEIDEN, BOONE POWELL, JR., W. ANN REYNOLDS, ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, RICHARD A. GONZALEZ, MARY T. SZELA, and MICHAEL J. WARMUTH </br></br> Defendants, </br></br> -and- </br></br> ABBOTT LABORATORIES, </br></br> Nominal Defendant. | No. 1:11-cv-08631 |

*Caption continues on following page…*

3

| | |
|---|---|
| PIPEFITTERS LOCAL UNION 537 PENSION FUND, PIPEFITTERS LOCAL UNION 537 HEALTH & WELFARE PLAN, PIPEFITTERS LOCAL UNION 537 DEFERRED INCOME ANNUITY FUND, derivatively on behalf of ABBOTT LABORATORIES,<br><br>      Plaintiffs,<br><br> v.<br><br>MILES D. WHITE, ROBERT J. ALPERN, M.D., ROXANNE S. AUSTIN, W. JAMES FARRELL, H. LAURANCE FULLER, EDWARD M. LIDDY, PHEBE N. NOVAKOVIC, WILLIAM A. OSBORN, SAMUEL C. SCOTT III, GLENN F. TILTON, K. FRANK AUSTEN, M.D., DUANE L. BURNHAM, PAUL N. CLARK, WILLIAM M. DALEY, RICHARD A. GONZALEZ, JACK M. GREENBERG, THOMAS R. HODGSON, DAVID A. JONES, JEFFREY M. LEIDEN, M.D., PH.D., THE RT. HON. LORD DAVID OWEN CH, ROBERT L. PARKINSON, JR., BOONE POWELL, JR., ADDISON BARRY RAND, W. ANN REYNOLDS, PH.D., ROY S. ROBERTS, WILLIAM D. SMITHBURG, JOHN R. WALTER, and WILLIAM L. WEISS,<br><br>      Defendants,<br><br> -and-<br><br>ABBOTT LABORATORIES,<br><br>      Nominal Defendant. | No. 1:11-cv-08886 |

*Caption continues on following page…*

4

| | |
|---|---|
| PUBLIC SCHOOL RETIREMENT SYSTEM OF THE SCHOOL DISTRICT OF KANSAS CITY, MISSOURI, derivatively on behalf of Nominal Defendant ABBOTT LABORATORIES,<br><br>    Plaintiff,<br><br>  v.<br><br>MILES D. WHITE, H. LAURANCE FULLER, ROXANNE S. AUSTIN, W. JAMES FARRELL, SAMUEL C. SCOTT, III, GLENN F. TILTON, WILLIAM A. OSBORN, ROBERT J. ALPERN, JEFFREY LEIDEN, WILLIAM DALEY, W. ANN REYNOLDS, DAVID OWEN, ROY ROBERTS, WILLIAM SMITHBURG, BOONE POWELL, JR., JACK GREENBERG, JOHN WALTER, ADDISON RAND, DAVID JONES, THOMAS C. FREYMAN, RICHARD A. GONZALEZ, MARY SZELA, JAMES TYREE, WILLIAM G. DEMPSEY, HOLGER LIEPMANN, JOHN LANDGRAF, DAVID GOFFREDO, and P. LOREEN MERSHIMER,<br><br>    Defendants,<br><br>  -and-<br><br>ABBOTT LABORATORIES,<br><br>    Nominal Defendant. | No. 1:12-cv-00355 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PUBLIC SCHOOL RETIREMENT SYSTEM OF THE SCHOOL DISTRICT OF KANSAS CITY, MISSOURI'S MOTION TO REASSIGN AND APPOINT LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL**

Proposed Lead Plaintiff, Public School Retirement System Of The School District Of Kansas City, Missouri ("Plaintiff" or "KCPSRS"), in the above-captioned shareholder derivative action *Public School Retirement System Of The School District Of Kansas City, Missouri v.*

5

*White*, C.A. No. 12-cv-00355 (the "KCPSRS Action"), hereby submits this brief in support of its motion to reassign the KCPSRS Action to the consolidated case, *In re Abbott Labs. Deriv. Litig.*, C.A. No. 11-cv-08114 and for an order appointing KCPSRS as Lead Plaintiff in the consolidated matter, and its counsel, Labaton Sucharow LLP ("Labaton") as Lead Counsel, with Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis") as Liaison Counsel.[1]

## I. INTRODUCTION

On October 19, 2011, Abbott Laboratories ("Abbott" or the "Company") disclosed in a Form 8-K filed with the U.S. Securities and Exchange Commission that it was forced to ***set aside a $1.5 billion reserve*** to cover potential liabilities relating to a U.S. Department of Justice (the "DOJ") investigation (the "Government Investigation") into the sales and marketing of Abbott's flagship seizure drug Depakote® ("Depakote"). Abbott will likely reach an agreement with the DOJ to settle potential claims arising out of the Government Investigation that will lead to a significant loss to the Company. Subsequent to the Company's announcement, six derivative actions were filed in this Court asserting breach of fiduciary duty claims (and other claims) against certain current and former Abbott directors and officers in connection with the conduct disclosed as a result of the Government Investigation.[2] These cases have been (or likely will be) consolidated into one action.

---

[1] In the alternative, KCPSRS and its counsel seek to be appointed co-lead plaintiff and co-lead counsel with any other plaintiffs and firms the Court deems appropriate with Shaw Gussis as Liaison Counsel.

[2] In addition to the KCPSRS Action, the related actions consist of *Chester County Emp. Ret. Fund v. White*, No. 11-cv-08114 (the "Chester County Action"), *Jacksonville Police & Fire Pension Fund v. White*, No. 11-cv-08383 (the "Jacksonville Action"), *Pinchuck v. White*, No. 11-cv-08499 (the "Pinchuck Action"), *La. Mun. Police Emps. Ret. Sys. v. White*, No. 11-cv-08631 (the "LAMPERS Action"), and *Pipefitters Local Union 537 Pension Fund v. White*, No. 11-cv-08886 (the "Pipefitters Action").

6

At issue is the proposed leadership structure for the consolidated case. The KCPSRS proposed leadership structure will provide the Abbott shareholders with the strongest advocates to achieve the best possible result for the Company and its shareholders. KCPSRS's attorneys spent significant time researching and investigating the public record regarding Abbott and the Government Investigation to develop a theory of the case—set forth extensively in its complaint—fully capable of surviving the inevitable motion to dismiss. Additionally, KCPSRS is an institutional investor that has held a long position (23,800 shares) in Abbott, valued at over $1.3 million based on current trading prices. As such, KCPSRS has a strong financial interest in ensuring that the Abbott derivative litigation is litigated aggressively and effectively toward a successful conclusion. Moreover, KCPSRS's chosen counsel, Labaton, has the resources and experience necessary to protect and promote the best interests of Abbott's shareholders and has a proven track record in complex shareholder litigation, including cases such as this. If appointed, Labaton will lead the litigation on behalf of the plaintiffs and all Abbott shareholders by, among other things, assuming primary responsibility for the litigation strategy and all court appearances and court filings. Where appropriate, Lead Counsel will draw upon the resources and experience of other firms that may serve on an Executive Committee.

## II. THIS ACTION SHOULD BE REASSIGNED AND CONSOLIDATED WITHIN THE PENDING CONSOLIDATED CASE

Four of the other derivative actions have been previously consolidated into one case. *See Chester County Action*, D.I. 92 at 9:23-10:1 (Dec. 19, 2011) (Transcript) (consolidating the Jacksonville, LAMPERS, and Pipefitters Actions into the Chester County action and reserving judgment on consolidation of the Pinchuck Action). Because the KCPSRS Action satisfies the requirements of Local Rule 40.4(a) and (b), reassignment into the consolidated action is appropriate.

## III. KCPSRS SHOULD BE APPOINTED AS LEAD PLAINTIFF, LABATON AS LEAD COUNSEL AND SHAW GUSSIS AS LIAISON COUNSEL

In appointing a lead plaintiff and lead counsel, "[t]he question . . . is which lead plaintiff (and lead counsel) will best represent [the shareholders'] interests." *La. Mun. Police Emp. Ret. Sys. v. Parkinson*, No. 10-C-7317, at p.2 (N.D. Ill. July 5, 2011) (attached as Exhibit 1). In making this determination, the factors that this Court should consider are "(a) the plaintiff's financial interest; (b) the preference for institutional investors to lead a lawsuit for shareholders; (c) the quality of the pleadings; (d) the vigor with which the plaintiff has pursued the suit; and (e) the plaintiff's arrangement on the payment of attorney's fees." *Id.* (citing *Dollens v. Zionts*, 2001 WL 154354, at *5-6 (N.D. Ill. Dec. 4, 2001)) (attached as Exhibit 2). An examination of these factors reveals that, although all of plaintiffs' chosen counsel are by and large adequately suited to prosecute this action, KCPSRS and Labaton, with the assistance of Shaw Gussis, are the strongest candidates to lead the case.

### 1. KCPSRS Filed the Highest Quality Complaint

KCPSRS's complaint is of the highest quality and was the result of a comprehensive investigation into the facts and allegations set forth therein. Pursuant to its theory of the case, KCPSRS's extensive and factually accurate complaint asserts claims against certain of Abbott's current and former directors and officers potentially liable for breaching their fiduciary duties owed to the Company by knowingly causing and/or allowing Abbott's sales representatives to illegally promote Depakote for numerous off-label uses.

In addition, unlike the other complaints, KCPSRS's complaint describes at length the numerous prior government investigations into Abbott's and one of its subsidiary's illicit marketing practices, as well as the resulting shareholder derivative lawsuits, and details the corporate governance reforms instituted as a result of the settlement of such investigations and

lawsuits. The failure of a majority of Abbott's current directors to comply with the obligations imposed upon them by these corporate governance reforms, and particularly the obligations created from the settlements of the prior shareholder derivative actions, will be integral to plaintiffs' ability to demonstrate demand futility. No plaintiff other than KCPSRS, however, has couched their theory of demand futility in such a manner, rendering KCPSRS's complaint the dominant pleading. *See generally Parkinson*, No. 10-C-7317, at p.2 ("Westmoreland's complaint does include allegations based on nonpublic information that Westmoreland obtained from Baxter pursuant to its books-and-records inspection rights under 8 *Del. Code* § 220. *Those allegations were made in an effort to stave off the inevitable demand-futility argument. . . .* On balance, the Westmoreland pleading has the advantage.") (emphasis added).

2.  **KCPSRS Will Adequately Represent Abbott**

KCPSRS is a sophisticated institutional investor, is a long term holder of Abbott stock and currently holds approximately 23,800 shares of Abbott stock, valued at over $1.3 million based on current trading prices. Thus, KCPSRS unquestionably has a substantial financial stake in the outcome of the litigation. KCPSRS also held shares in Abbott during the period of wrongdoing at issue in this matter which stretches back over many years. Additionally, as an institutional investor, KCPSRS has the resources and commitment to aggressively prosecute the action and has hired quality counsel to represent it. Therefore, this factor favors appointment of KCPSRS as Lead Plaintiff and Labaton as Lead Counsel.

3.  **KCPSRS Will Vigorously Prosecute the Litigation**

Although all of the plaintiffs may be capable of adequately prosecuting this action, KCPSRS will do so most vigorously. Indeed, KCPSRS's thoroughly researched and well-pleaded 215 paragraph complaint is indicative of the drive that it brings to this litigation. This

Court should place little weight on other filers' race to the courthouse and credit KCPSRS's extensive investigation. *See generally King v. VeriFone Holdings, Inc.*, 994 A.2d 354, 363 (Del. Ch. 2010) ("The derivative suit's central purpose is compromised when counsel prematurely file thinly-substantiated complaints that cannot meet the heightened Rule 23.1 particularized pleading standard only in order to beat their competitors in the plaintiffs' bar, and then attempt to compensate for those inadequate pleadings through an after-the-fact process that needlessly saps corporate funds through drawn-out dismissal motion practice and simultaneous lawsuits in separate forums."), *rev'd on other grounds*, 12 A.3d 1140 (Del. 2011).

To the extent the "vigorousness of the litigation" factor encompasses the capability of counsel adequately representing the Company and its shareholders, Labaton's success as one of the preeminent class action law firms in the country weighs in its favor, having achieved successful outcomes as sole or co-lead counsel in numerous complex derivative and class action suits nationwide.[3] Copies of Labaton's firm resume is attached hereto as Exhibit 3. In addition, Labaton has significant resources to effectively prosecute the Abbott derivative litigation to the end, including any post-trial appeal, to secure all possible benefits for the Company and its shareholders.

For example, in *In re The Student Loan Corporation Shareholders Litigation*, C.A. No. 5832-VCL (Del. Ch.), Labaton served as Co-Lead Counsel for the shareholders of The Student Loan Corporation, which agreed to be bought out by its majority shareowner at a discounted price. After months of hard-fought litigation, including summary judgment and preliminary

---

[3] Labaton's successes include *In re HealthSouth Securities Litigation*, No. CV-03-BE-1500-S (N.D. Ala.) (settlements totaling $804.5 million); *In re Countrywide Financial Corporation Securities Litigation*, No. CV 07-05295 MRP (MANx) (C.D. Cal.) (settled for $624 million); and *In re Waste Management, Inc. Securities Litigation*, No. H-99-2183 (S.D. Tex.) (settled for $457 million).

injunction proceedings, Labaton negotiated a settlement whereby the shareholders received a significant increase in price per share (valued at a $10 million capitalization), something Vice Chancellor Laster commented was "truly rare." *See In re The Student Loan Corp. S'holders Litig.*, C.A. No. 5832-VCL, Transcript at 32:24-33:3 (Del. Ch. Oct. 27, 2011) (relevant excerpts attached as Exhibit 4). In approving the settlement, Vice Chancellor Laster noted that "[i]t was a well-litigated case. I think it was an excellent settlement." *Id.* at 37:10-11. Vice Chancellor Laster also praised Labaton's "rare and commendable" efforts, adding, "So it's very nice to see plaintiffs triaging a case, believing it has real merit, and pressing forward in a manner that gets incremental consideration. So, again, I approve the settlement as fair and reasonable and as an excellent result." *Id.* at 34:10-15.

Similarly, in *In re RehabCare Group, Inc. Shareholders Litigation*, C.A. No. 6197-VCL, Labaton represented the public shareholders of RehabCare Group as Co-Lead Counsel in connection with the merger of RehabCare and Kindred Healthcare, Inc. In approving the proposed settlement, Vice Chancellor Laster commended Co-Lead Counsel for their "real work," and observed that "[Plaintiffs] took real depositions, and you got cash, and you got meaningful changes in the deal protection provisions. All that is excellent. You all should be commended for it." *See In re RehabCare Group, Inc. S'holders Litig.*, C.A. No. 6197-VCL, Transcript at 49:7, 49:9-12 (Del. Ch. Sept. 8, 2011) (relevant excerpt attached as Exhibit 5).

Labaton will bring the same vigor and resources to litigating the Abbott Derivative Litigation as it has done so successfully in the past. Labaton will also possess the ability to utilize additional resources from Shaw Gussis as Liaison Counsel. Shaw Gussis has a diverse and sophisticated litigation practice, with a broad range of experience in litigating officer and director liability issues, including claims for breach of fiduciary duty. Recent examples of this

experience includes obtaining a $2.7 million judgment against a company's former CEO on fraudulent conveyance and breach of fiduciary duty claims and obtaining a $610,000 judgment against the CEO of a mail sorting business by piercing the corporate veil on behalf of one of the company's creditors.

### 4. Attorney's Fees

Labaton has agreed to prosecute the action on a fully contingent basis. Presumably, plaintiffs' counsel in the related actions have entered into similar agreements. Accordingly, this factor neither favors nor weighs against any of the plaintiffs or their counsel.

### III. CONCLUSION

For the aforementioned reasons, the Court should grant Plaintiff's motion to reassign and appoint KCPSRS as Lead Plaintiff, Labaton as Lead Counsel, and Shaw Gussis as Liaison Counsel.

Dated: January 18, 2012

| | |
|---|---|
| Christopher J. Keller<br>Eric J. Belfi<br>Michael W. Stocker<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br><br>Christine S. Azar<br>Charles B. Vincent<br>Peter C. Wood, Jr.<br>LABATON SUCHAROW LLP<br>300 Delaware Avenue, Suite 1225<br>Wilmington, Delaware 19801<br>Telephone: (302) 573-2530<br>Facsimile: (302) 573-25290<br><br>*Counsel for Plaintiff* |     */s/ Richard A. Saldinger*<br>Richard A. Saldinger (ARDC # 6209930)<br>Jeffrey L. Widman (ARDC # 6226367)<br>SHAW GUSSIS FISHMAN GLANTZ<br>WOLFSON & TOWBIN LLC<br>321 N. Clark, Suite 800<br>Chicago, Illinois 60654<br>Telephone: (312) 276-1321<br>Facsimile: (312) 980-3888<br>Email: rsaldinger@shawgussis.com<br><br>*Counsel for Plaintiff* |

**CERTIFICATE OF SERVICE**

Richard A. Saldinger certifies that he caused to be served a true copy of the **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PUBLIC SCHOOL RETIREMENT SYSTEM OF THE SCHOOL DISTRICT OF KANSAS CITY, MISSOURI'S MOTION TO REASSIGN AND APPOINT LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL** upon the attached Service List via electronic ECF delivery on this 18th day of January, 2012.

By:    */s/ Richard A. Saldinger*
          Richard A. Saldinger

**Mailing Information for a Case 1:11-cv-08114**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Andrew D Abramowitz**
  aabramowitz@srkw-law.com
- **Steve W. Berman**
  steve@hbsslaw.com
- **Peter E. Borkon**
  peterb@hbsslaw.com
- **Sarah Joy Donnell**
  sarah.donnell@kirkland.com
- **Elizabeth A. Fegan**
  beth@hbsslaw.com,chi_filings@hbsslaw.com
- **Glenn L Hara**
  ghara@shhllp.com,mhouston@shhllp.com
- **Matthew Thomas Heffner**
  mheffner@shhllp.com,spavlat@shhllp.com,mhouston@shhllp.com
- **Robert J. Kopecky**
  rkopecky@kirkland.com
- **Daniel J. Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com
- **Leigh R. Lasky**
  lasky@laskyrifkind.com
- **Brian Joseph Murray**
  bjmurray@jonesday.com,mbhirst@jonesday.com,marywalz@jonesday.com
- **Amelia Susan Newton**
  newton@laskyrifkind.com
- **Daniel E. Reidy**
  dereidy@jonesday.com,marywalz@jonesday.com,jfagerman@jonesday.com
- **Justin O. Reliford**
  jreliford@ktmc.com

- **Norman Rifkind**
  rifkind@laskyrifkind.com
- **Robert M. Roseman**
  rroseman@srkw-law.com
- **Sallie Gamble Smylie**
  ssmylie@kirkland.com
- **Robin Winchester**
  rwinchester@ktmc.com