UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ABBOTT DEPAKOTE SHAREHOLDER DERIVATIVE LITIGATION ) ) ) ) ) | Case No. 11-CV-08114<br><br>Judge Virginia M. Kendall |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY**

Defendants do not oppose plaintiff's motion (Dkt. #264) for leave to file the Seventh Circuit's opinion in *Westmoreland v. Parkinson, Jr., et al.* as supplemental authority. The *Westmoreland* decision, however, in no way undermines defendants' Motion for Reconsideration or supports plaintiff's opposition to that motion.

1. The Seventh Circuit's decision in *Westmoreland* states no new rule of law. To the contrary, as plaintiff's motion asserts, the court was applying settled principles articulated by Delaware courts, *e.g.*, *Stone v. Ritter*, 911 A.2d 367 (Del. 2006), and Seventh Circuit precedent applying those principles, *e.g.*, *In re Abbott Laboratories Deriv. S'holder Litig.*, 325 F.3d 795 (7th Cir. 2003). These are the same precedents briefed by the parties and considered by this Court in its prior decisions. *Westmoreland* applied those principles to the specific factual allegations of that case, which bear no resemblance to the relevant allegations here.

2. *Westmoreland* involved a recall of Baxter's infusion pumps, which had been the subject of an FDA consent decree ordering remediation of pump defects. The Seventh Circuit noted that during the relevant period of Baxter's remediation efforts, all of the director defendants were on Baxter's board, and at the time plaintiff filed its complaint alleging demand futility, "these thirteen people continued to comprise the entirety of the board." Slip Op. at 7.

The court then explained that the complaint alleged "particularized facts (*e.g.*, meeting dates and minutes) indicating that the relevant directors were intimately involved in overseeing the [failed] remediation effort." *Id.* at 15. Indeed, the complaint specifically identified 28 board meetings at which the directors addressed the infusion pumps subject to the consent decree. *Id*. at 4. The court also noted allegations that there were "repeated warnings from the FDA that Baxter's remedial efforts were insufficient -- warnings that were directly communicated to CEO Parkinson and passed along to the board of directors." *Id.* at 12. Based on these allegations, the Seventh Circuit concluded the plaintiff had sufficiently alleged facts showing that the directors "made a conscious decision" to halt remediation ordered by the FDA. *Id*. at 16.

3. Here, it is undisputed that a majority of the relevant board comprises four directors who joined the board in or after 2010 and two who joined in 2008. The complaint alleges no plausible basis for concluding that the four directors who joined Abbott's board in or after 2010 face a substantial threat of liability for a breach of their duty of loyalty. As for the two directors who joined the board in 2008, in contrast to *Westmoreland*, the complaint here alleges no particularized facts — such as dates of board meetings, excerpts from board minutes, or warnings from the FDA asserting improper marketing of Depakote — showing that these directors had direct knowledge of or were "intimately involved" in anything related to off-label marketing of Depakote during 2008. Rather, plaintiff alleges that Abbott received a document preservation letter and a subpoena, which are insufficient to impart knowledge of unlawful conduct to the board. (*See* 6/17/13 Def. Mem., Dkt. #243, at 11-12.) Thus, as explained in the Motion for Reconsideration, the complaint alleges no facts supporting an inference these directors (1) were aware illegal off-label marketing of Depakote was occurring during their tenure, and (2) made a conscious decision to allow that illegal conduct to continue. Absent such

particularized allegations, there was no basis for the Court to conclude that plaintiff had shown these two directors (and hence a majority of the board) face a substantial threat of liability for breach of their duty of loyalty. Nothing in the *Westmoreland* opinion supports such a conclusion.

Dated: August 21, 2013            Respectfully submitted,

/s/ Daniel E. Reidy            /s/ Robert J. Kopecky

Daniel E. Reidy            Robert J. Kopecky
Brian J. Murray            Sallie G. Smylie, P.C.
Melissa B. Hirst            Sarah J. Donnell
JONES DAY            KIRKLAND & ELLIS LLP
77 West Wacker Drive            300 North LaSalle Street
Chicago, IL 60601            Chicago, IL 60654
(312) 782-3939            (312) 862-2000

*Attorneys for the Individual Defendants*      *Attorneys for Defendant Abbott Laboratories*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on August 21, 2013, he caused true copies of the foregoing DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY to be served upon all counsel of record using the Court's CM/ECF system.

                                                         /s/ Robert J. Kopecky