

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------------------x
IN RE ABBOTT-DEPAKOTE SHAREHOLDER :
DERIVATIVE LITIGATION : CASE NO: 1:11-cv-08114
: Hon. Virginia M. Kendall
-----------------------------------------------------------------x

### [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE, AND SETTING A FINAL SETTLEMENT HEARING

WHEREAS, on March 6, 2014, the parties to the above-entitled action entered into a Stipulation and Agreement of Settlement (the "Stipulation") that is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure and that, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this consolidated derivative action (the "Settlement");

WHEREAS, the Court having reviewed and considered the Stipulation and the accompanying documents; and

WHEREAS, the parties to the Stipulation having consented to the entry of this Order;

IT IS THEREFORE ORDERED as follows:

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the hearing described below, and preliminarily finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate, and that for purposes of the Settlement, Lead Plaintiff Jacksonville Police & Fire Pension Fund ("Lead Plaintiff") and its counsel, Spector Roseman Kodroff & Willis, P.C. ("Lead Plaintiff's Counsel"), fairly and adequately represent the interests of Abbott Laboratories ("Abbott") and Abbott's

1

shareholders. All capitalized terms used in this Order have the meanings defined in the Stipulation unless otherwise defined herein.

2. A hearing shall be held before this Court on April 28, 2014 at 10 a.m. (the "Settlement Hearing") in Courtroom 2319 of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, for purposes of considering:

    a. whether the proposed Settlement of the Consolidated Derivative Actions, on the terms and conditions set forth in the Stipulation, should receive final approval by the Court as fair, reasonable, and adequate, and in the best interests of Abbott and Abbott's shareholders;

    b. any objections to the proposed Settlement;

    c. whether the Court should enter the proposed Final Order and Judgment;

    d. in the event the Settlement receives final approval as requested, to consider any application by Lead Plaintiff's Counsel for an award of attorneys' fees and reimbursement of expenses; and

    e. such other matters as may be necessary or proper.

3. The Settlement Hearing may be continued or rescheduled without further notice to Abbott shareholders. The Court further reserves the right to consider any modifications of the Settlement agreed to by Lead Plaintiff and Defendants without providing further written notice to Abbott shareholders.

4. The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Consolidated Derivative Actions, Final Settlement Hearing, and Right to Appear (the "Notice"), attached as Exhibit D to the Stipulation. The Court approves the form, substance, and requirements of the Summary Notice of Pendency of Shareholder Derivative Actions Involving Abbott Laboratories, Proposed Settlement and Settlement Hearing (the "Summary Notice"), attached as Exhibit E to the Stipulation.

5. Notice of the Settlement shall be published and disseminated to all current Abbott shareholders and beneficial owners of Abbott stock as follows: (a) the Notice shall be filed by Abbott with the United States Securities and Exchange Commission in a Form 8-K within ten (10) days following the date of this Order; (b) the Notice shall be maintained on Abbott's corporate website beginning within five (5) days from the date of this Order and until the date the Court enters Judgment approving the Settlement; and (c) the Summary Notice shall be published at least one time each in the national editions of *The Wall Street Journal* and *USA Today* no later than ten (10) days following the date of this Order. At or prior to the Settlement Hearing, Abbott shall file with the Court an affidavit indicating compliance with the requirements of this paragraph.

6. The Court hereby finds that the notice procedures described in paragraphs 4 and 5 above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and shall constitute due and sufficient notice to Abbott shareholders of the proposed Settlement and matters to be considered at the Settlement Hearing.

7. No later than **March 31**, 2014, Lead Plaintiff's Counsel shall move for final approval of the Settlement and may petition the Court for an award of attorneys' fees and reimbursement of expenses.

8. The Court will consider written objections to the proposed Settlement or the application for attorneys' fees and reimbursement of expenses at the Settlement Hearing, but only if such objections, and any supporting papers, are mailed to each of the following, TO BE RECEIVED NOT LATER THAN April 14, 2014:

**Court:**
Clerk of the Court
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Lead Plaintiff's Counsel:**
Robert M. Roseman
Spector Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**Abbott's Counsel:**
Sallie G. Smylie
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60601

**Individual Defendants' Counsel:**
Daniel E. Reidy
Jones Day
77 West Wacker Drive
Chicago, IL 60601

Written objections must provide a detailed signed statement of the objector's specific objections, and must include all documents such person wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, the number of shares of Abbott common stock currently owned, and the most recently available account statement evidencing such ownership.

9. Any Abbott shareholder may appear at the Settlement Hearing, in person or through counsel of his or her choice, to object and show cause why: (i) the Settlement as set forth

in the Stipulation should not be approved; (ii) the proposed Final Order and Judgment should not be entered; or (iii) Lead Plaintiff's Counsel should not be awarded attorneys' fees and reimbursement of expenses in the amounts sought by Lead Plaintiff's Counsel; provided, however, that no person shall be entitled to appear or be heard, or be entitled to object to or otherwise contest any of the matters to be considered at the Settlement Hearing, unless such person has: (i) filed with the Clerk of the Court, and (ii) served by hand, by first class U.S. mail, postage prepaid, or by reputable express carrier on the Clerk of the Court and each of the counsel listed in paragraph 8 above, the following materials, TO BE RECEIVED no later than __April 14__, 2014: (i) a notice of intention to appear at the Settlement Hearing; (ii) a statement specifying that person's name, address, telephone number, the number of shares of Abbott common stock currently owned, and the most recently available brokerage account statement evidencing such ownership; (iii) the name(s) of any attorney that will appear on the person's behalf; and (iv) a statement of such person's position with respect to the Settlement, providing all supporting bases and reasons for the objection, including the identification of all witnesses, documents or other evidence that are to be presented at the Settlement Hearing in connection with the objection and a summary of the substance of the testimony to be given by any such witnesses.

10. Any Abbott shareholder who does not timely file and serve an objection in the manner provided in paragraphs 8 and/or 9 of this Order shall be deemed to have waived any objection such person might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of the Consolidated Derivative Actions, the Stipulation or any provision thereof, the Final Order and Judgment, the application and award of attorneys' fees and reimbursement of expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

11. The parties to the Settlement and Stipulation shall submit their papers in response to any objections to the Settlement by no later than April 21, 2014.

12. Pending final determination of whether the proposed Settlement should be approved or further order of this Court, the Releasing Parties are barred and enjoined from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties or challenging the Settlement other than in this action in accordance with the procedures established by the Court.

13. Regardless whether or not the Settlement is approved, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Consolidated Derivative Actions, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Consolidated Derivative Actions, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including, but not limited to, the filing of the Stipulation and/or this Order by any Released Party in order to prevent or terminate institution, commencement or prosecution of any action which asserts Released Claims against any of the Released Parties.

14. In the event that a termination and cancellation of the Settlement occurs pursuant to the terms of the Stipulation: (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

Dated: 3-13, 2014

*[signature]*
The Honorable Virginia M. Kendall