IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------------x
IN RE ABBOTT-DEPAKOTE SHAREHOLDER     :
DERIVATIVE LITIGATION                 : CASE NO: 1:11-cv-08114
                                      : Hon. Virginia M. Kendall
------------------------------------------------------------------------x

COMPENDIUM OF UNREPORTED AUTHORITIES CITED IN
LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES

CASES

1. *In re Abbott Laboratories Derivative Shareholder Litigation*, No. 99 C 7246 (N.D. Ill. Mar. 1, 2005)

2. *In re Forest Laboratories, Inc. Derivative Litigation*, No. 05-CV-3489 (S.D.N.Y. Feb. 3, 2012)

3. *Manville Personal Injury Settlement Trust v. Gemunder*, No. 10-CI-01212 (Ky., Kenton Cir. Ct. 4th Div. Oct. 29, 2013) (*Omnicare*)

# TAB 1



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ABBOTT LABORATORIES DERIVATIVE SHAREHOLDER LITIGATION | Case No. 99 C 7246 |
| THIS DOCUMENT RELATES TO: All Actions. | Judge James B. Moran<br><br>Magistrate Judge Nan R. Nolan |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 1st day of March, 2005, a hearing was held by this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of December 14, 2004, (the "Stipulation"), which is subject to review under Federal Rule of Civil Procedure 23.1, are fair, reasonable, and adequate; (2) whether judgment should be entered dismissing the Complaint filed in this Action with prejudice; and (3) whether a release of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice, substantially in the form approved by the Court, of the proposed settlement and the hearing has been given to the shareholders of Abbott; and the Court having considered and determined that the proposed Settlement as set forth in the Stipulation is fair, reasonable, and adequate;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 1st day of March, 2005 that:

1.  The Stipulation, including the definitions contained therein, is incorporated by reference in this Final Judgment.

2.  This Court has jurisdiction over the subject matter of this Action.

3.  The notice given to the shareholders of Abbott as set forth in the Stipulation was the best notice practicable under the circumstances, and such notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation.

4.  This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate with respect to Abbott and its shareholders.

5.  The Court hereby awards Plaintiffs' Counsel attorneys' fees and expenses in the amount of $ 9,000,000 .

6.  The award of attorneys' fees and expenses is to be paid on the Settlement Effective Date to Plaintiffs' Co-Lead Counsel and shall be allocated among counsel of record for Plaintiffs in a fashion and amount which fairly compensates each counsel of record for Plaintiffs for their respective contribution to the prosecution of the Action, which will be determined by the Court and set forth in a separate, postjudgment order.

7.  The Court finds that all parties to the Action and their counsel have complied with the requirements of Federal Rule of Civil Procedure 11 as to all proceedings herein.

8.  The Court hereby dismisses with prejudice and without costs, except as provided in the Stipulation, the Action against the Settling Defendants.

9. Upon the Settlement Effective Date, Plaintiffs, each shareholder of Abbott, and Abbott shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Released Parties from the Released Claims and all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Action or the Released Claims.

10. Plaintiffs, Abbott, and all shareholders of Abbott, and all persons acting in concert or participation with them, either directly, indirectly, representatively, or in any other capacity, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Parties in this or any other forum.

11. Upon the Settlement Effective Date, each of the Settling Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each other, each Shareholder, and Plaintiffs' Counsel from all claims relating to, arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the allocation of the attorneys' fees and expenses award among Plaintiffs' Counsel; (b) the implementation of the Settlement; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement.

IT IS SO ORDERED: March 1, 2005

JAMES B. MORAN
Senior Judge, U.S. District Court

4

# TAB 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREST LABORATORIES, INC. DERIVATIVE LITIGATION )<br>)<br>)<br>_____ )<br>)<br>This Document Relates To: )<br>)<br>ALL ACTIONS. )<br>)<br>)<br>_____ ) | Lead Civil Action No. 05-CV-3489 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/12

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated August 8, 2011 ("Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 11, 2011 and filed with the Court on July 28, 2011 (the "Stipulation"). Due and adequate notice having been given to the Current Forest Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement.

3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement provides substantial benefits to Forest and its shareholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

- 1 -

4.  The Federal Derivative Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Derivative Plaintiffs, Forest, and the Individual Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.  Upon the Effective Date, Forest, Derivative Plaintiffs (individually and derivatively on behalf of Forest), and each of the Current Forest Shareholders (solely in their capacity as Current Forest Shareholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and shall be forever enjoined from prosecuting the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.  Upon the Effective Date, Forest, each of the Individual Defendants, and the Related Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Derivative Plaintiffs and Derivative Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.  The Court finds that the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions published in *Investor's Business Daily*, and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions posted on the websites of Faruqi & Faruqi, LLP, Robbins Umeda LLP and Rigrodsky & Long, P.A. and filed with the Securities and Exchange Commission by Forest in a Form 8-K, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set

forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court finds that during the course of the Derivative Actions, the Settling Parties and their counsel, at all times, complied with Federal Rule of Civil Procedure 11 and all other similar rules and law.

9. The Court finds that the Fee and Expense Award is fair and reasonable and hereby directs Forest to cause the transfer of the Fee and Expense Award to Derivative Plaintiffs' Counsel in accordance with the terms set forth in the Stipulation.

10. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants and/or the Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants and/or the Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Forest, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent

...
...
...

with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

12. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 2/3/12

HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

693125

- 4 -

# TAB 3

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
FOURTH DIVISION
CASE NO. 10-CI-01212

MANVILLE PERSONAL INJURY
SETTLEMENT TRUST, derivatively on
behalf of OMNICARE, INC.,

    Plaintiff,

v.

JOEL F. GEMUNDER, JOHN T. CROTTY,
SANDRA E. LANEY, ANDREA R. LINDELL,
JOHN H. TIMONEY, AMY WALLMAN,
JAMES D. SHELTON, STEVEN J. HEYER,
DAVID W. FROESEL, JR., PATRICK E.
KEEFE, CHERYL D. HODGES, and T. E.
BIEN,

    Defendants,

-and-

OMNICARE, INC., a Delaware corporation,

    Nominal Defendant.

## ORDER AND FINAL JUDGMENT OF DISMISSAL

A hearing (the "Settlement Fairness Hearing") having been held before this Court on October 28, 2013, pursuant to this Court's Order of August 9, 2013 (the "Preliminary Order"), to determine whether: (i) the terms and conditions of the Stipulation and Agreement of Settlement, dated as of August 8, 2013 (the "Stipulation"), providing for the settlement (the "Settlement") of all claims asserted in the above-captioned shareholder derivative litigation (the "Action") should be approved pursuant to KRS § 271B.7-400(3); and (ii) a judgment should be entered dismissing the Action with prejudice; the Court having considered all matters submitted to it at, and in

connection with, the Settlement Fairness Hearing; and it appearing that due notice of said Settlement Fairness Hearing was given in accordance with the Preliminary Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Capitalized terms used herein and not otherwise defined shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

3. This Court finds that this Action has been properly maintained as a derivative action under KRS § 271B.7-400.

4. This Court finds that the notice of Settlement (i) was provided pursuant to, and in the form and manner directed by, the Preliminary Order, (ii) meets the requirements of KRS § 271B.7-400(3) and due process, and (iii) constitutes due and sufficient notice to shareholders of Omnicare, Inc. ("Omnicare" or the "Company") of all matters relating to the Settlement.

5. Pursuant to and in compliance with KRS § 271B.7-400(3) and due process, this Court finds that the notice provided duly and sufficiently advised Omnicare shareholders of the terms of the Settlement, of Plaintiff's Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses incurred in the prosecution of the Action, and of their right to object thereto, and that a full and fair opportunity was accorded to all Omnicare shareholders to be heard with respect to the foregoing matters.

6. This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiation and mediation between experienced counsel representing the interests of the Parties and that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Omnicare. Accordingly, the Settlement embodied in the Stipulation is hereby

approved, pursuant to KRS § 271B.7-400(3), and shall be consummated in accordance with the terms and conditions of the Stipulation.

7. The Action is hereby dismissed with prejudice as to Plaintiff, the Company and all of the Individual Defendants, extinguishing, discharging and releasing any and all claims that were or could have been asserted in the Action, as set forth in paragraphs 5-8 of the Stipulation, with said dismissal subject only to compliance by the Parties with the terms of the Stipulation and any order of the Court concerning the Stipulation.

8. Upon the Effective Date of the Settlement (as defined in the Stipulation), Omnicare, Plaintiff, and each and every Omnicare shareholder, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be permanently enjoined from asserting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum or in any capacity, asserting any of the Released Claims described in the Stipulation.

9. Upon the Effective Date of the Settlement, the Releases set forth in the Stipulation shall become effective and the Parties shall forever be enjoined from prosecuting any or all of the Released Claims, as that term is defined in the Stipulation.

10. In the event the Settlement is terminated or the Effective Date does not or cannot occur for any reason or if this Judgment is subsequently reversed on appeal, then the Stipulation and all other documents prepared, and proceedings held, in connection with the Settlement shall be vacated and deemed null and void, and all Parties shall be returned to their positions immediately prior to execution of the Stipulation.

11. Jurisdiction is hereby retained over the Parties for all matters relating to this Action, including the interpretation, effectuation or enforcement of the Stipulation and this Judgment.

12. Plaintiff's Counsel is hereby awarded attorneys' fees of $8,600,000 and reimbursement of expenses in the sum of $222,331.92 (collectively, the "Fee and Expense Award"), to be paid from the Settlement Fund. The Court finds that the Fee and Expense Award is appropriate and that the amount of fees and expenses awarded are fair and reasonable in light of all the circumstances present in the Action, including the results achieved, the time and effort expended by Plaintiff's Counsel, the complexity and difficulty of the questions raised in the Action, the fact that the requested fee was based on a recommendation made by the Mediator, the fact that the fee requested is contingent, and the experience, reputation, and ability of the attorneys for Plaintiff. The Fee and Expense Award shall be paid to Plaintiff's Counsel in accordance with the terms of the Stipulation.

Dated: October 29, 2013

_____
HONORABLE PATRICIA M. SUMME