CMC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------------x
IN RE ABBOTT-DEPAKOTE SHAREHOLDER  :
DERIVATIVE LITIGATION              : CASE NO: 1:11-cv-08114
                                   : Hon. Virginia M. Kendall
------------------------------------------------------------------------x

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on May 22, 2014, pursuant to this Court's Order of March 18, 2014 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated March 6, 2014 (the "Stipulation"), which Stipulation is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Parties; and (iii) whether and/or in what amount to grant Lead Plaintiff's Counsel's application for an award of fees and reimbursement of expenses. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Consolidated Derivative Actions (the "Settlement") embodied in the Stipulation or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor, the Court HEREBY FINDS AND ORDERS as follows:

1. All capitalized terms used in this Final Order and Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned actions (the "Consolidated Derivative Actions") and the Settling Parties.

1

3. The Court hereby grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate, and in the best interests of Abbott Laboratories ("Abbott") and Abbott shareholders.

4. The Court finds for purposes of the Settlement that: (i) the Consolidated Derivative Actions were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Lead Plaintiff and Lead Plaintiff's Counsel fairly and adequately represented the interest of Abbott and Abbott's shareholders.

5. Pursuant to the Preliminary Approval Order, a form of the proposed Notice of Proposed Settlement of Consolidated Derivative Actions, Final Settlement Hearing, and Right to Appear (the "Notice") and a form of the Summary Notice of Pendency of Shareholder Derivative Action Involving Abbott Laboratories, Proposed Settlement and Settlement Hearing (the "Summary Notice") were approved by the Court. Counsel for Abbott has filed with the Court proof of compliance with the approved Settlement Notice procedures. Based on that submission, the Court finds that: (a) the Notice has been filed by Abbott with the United States Securities and Exchange Commission in a Form 8-K; (b) the Notice has been maintained on Abbott's corporate website beginning no more than five (5) days after the date of the Preliminary Approval Order; and (c) the Summary Notice was published at least one time each in the national editions of *The Wall Street Journal* and *USA Today* within ten (10) days following the date of the Preliminary Approval Order. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constitute due and sufficient notice to Abbott shareholders of the Settlement and matters to be considered at the Settlement Hearing.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Consolidated Derivative Actions and all claims therein against all defendants named therein are hereby dismissed with prejudice in their entirety, and without costs, except as otherwise provided for in paragraph 18 below.

8. For purposes of paragraphs 9 and 10 below (together constituting the "Released Claims"), the term Released Parties refers, as it does in the Stipulation, to: all Settling Defendants, each and all individuals named, or who could have been named, in the Consolidated Derivative Actions and Derivative Actions including those identified in Attachment A to the Stipulation, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns.

9. Upon the Effective Date (as defined in the Stipulation and below), Lead Plaintiff and each and every other Abbott shareholder, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have each fully, finally, and forever released, waived, discharged, and dismissed each of the Released Parties from, and shall forever be barred and enjoined from prosecution of, any and all Released Claims (as defined in the Stipulation), and any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, agreements, costs, expenses, debts,

interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, disclosed or un-disclosed, apparent or un-apparent, including claims and Unknown Claims (as defined below), that were or that could have been asserted from the beginning of time to the date of the entry of this Final Order and Judgment in the Consolidated Derivative Actions or Derivative Actions, or any other forum, against any Released Party by Lead Plaintiff or any other Abbott shareholder derivatively on behalf of Abbott, that relate to, arise out of, or in any way are based upon, directly or indirectly, the drug Depakote or any of its derivatives, or the sales, marketing or any other practices or activities with respect to Depakote or any of its derivatives, including any of the allegations, facts, events, transactions, acts, occurrences, conduct, practices, omissions, failures to act, or matters set forth in the Consolidated Derivative Actions or Derivative Actions, or that arise out of or in any way relate to the resolution of the Consolidated Derivative Actions or Derivative Actions, including the Stipulation and any actions or inactions relating thereto.

10. Upon the Effective Date (as defined in the Stipulation and below), Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have, each fully, finally and forever released and discharged Lead Plaintiff and all other plaintiffs in the Consolidated Derivative Actions from, and shall forever be barred and enjoined from prosecution of, any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations,

judgments, duties, suits, agreements, costs, expenses, debts, interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, disclosed or un-disclosed, apparent or unapparent, including claims and Unknown Claims (as defined below), which were or could have been alleged or asserted by any of the Released Parties against Lead Plaintiff or any plaintiff in any of the Consolidated Derivative Actions, directly or indirectly relating to or arising out of the institution, prosecution, or settlement of the Consolidated Derivative Actions. Released Claims do not include any claims relating to the enforcement of this Settlement.

11. For purposes of this Final Order and Judgment, "Unknown Claims" is defined, as it is in the Stipulation, as: any Released Claims that any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each other Abbott shareholder and each of the Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him

5

or her must have materially affected his or her settlement with the debtor." Lead Plaintiff, Abbott, and each of the Individual Defendants acknowledge, and each other Abbott shareholder and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

12. The "Effective Date" means, as it does in the Stipulation, the date upon which the Judgment approving the Settlement in accordance with this Stipulation becomes Final as a matter of law and is no longer subject to appellate review.

13. Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation.

14. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Consolidated Derivative Actions. No Settling Party may assert in any forum that the Consolidated Derivative Actions were brought, commenced, or prosecuted by Lead Plaintiff or their counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Consolidated Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Consolidated Derivative Actions may be brought by any Settling Party.

15. Pending the occurrence of the Effective Date, no person may institute, commence or prosecute any action which asserts Released Claims against any of the Released Parties.

16. Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Consolidated Derivative Actions, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Consolidated Derivative Actions, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Settling Party in order to prevent or terminate institution, commencement or prosecution of any action which asserts Released Claims against any of the Released Parties.

17. In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation, (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

18. Lead Plaintiff's Counsel is hereby awarded $ _9.9 Million_ attorneys' fees, which includes reimbursement of expenses and costs, in connection with the Consolidated Derivative Actions, to be paid by or on behalf of Abbott in accordance with the terms of the Stipulation.

7

Dated: __5-22__, 2014

_____
The Honorable Virginia M. Kendall